**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MAUREEN HILL,**<br>**Plaintiff,** | ) | |
| **v.** | ) | **Civil No. 1:11-cv-00378-PLF** |
| **U.S. DEPARTMENT OF DEFENSE,**<br>**Defendant.** | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION TO AMEND THE COMPLAINT**

**COMES NOW** Plaintiff, Maureen Hill, by and through her undersigned counsel, and respectfully moves this Honorable Court to grant Plaintiff motion to amend her Complaint. Plaintiff is including a copy of her Amended Complaint, (*Exhibit 1*); as well as a redline copy of the same. (*Exhibit 2*). Plaintiff conferred with Defendant on this request, and Defendant's Counsel indicated that Defendant takes no position on this Motion at this time.

As the intervening Supreme Court decision in *FAA v. Cooper* 132 S. Ct. 1441 (2012) made unequivocal for the first time that general, non-pecuniary damages are not appropriately pleaded in a claim alleging a Privacy Act violation, Plaintiff concurrently moves to amend her Complaint. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (finding error in the district court's denial of a motion for leave to amend where "none of the legitimate reasons [such as futility, bad faith, or prejudice] that may justify denial of leave to amend" were present). The Amended Complaint, if allowed by this Court, would not raise new claims, add new parties, or allege new facts to bolster the already-existing claims. The Amended Complaint would merely

simplify and clarify the damages claimed, thereby furthering judicial economy without prejudicing any party.

At this time, Plaintiff may amend her Complaint with Defendant's written consent or, in the alternative, with leave from this Court. Fed. R. Civ. P. 15(a)(1)-(2). The Court "should freely give leave when justice so requires," *id*. at (a)(2), absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Shea v. Clinton*, 288 F.R.D. 1, 4 (D.D.C. 2012) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Subsequent to the passing of a scheduling order deadline, a party must show good cause with a request to amend pleadings. *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 144 (D.D.C. 2013). Such a showing involves considering the reasons for the timing of the request for leave and the extent of prejudice, if any, to the opposing party. *Id*. Additionally, the requesting party should indicate why the request to amend the pleadings is not futile. *Id*.

Plaintiff requests leave at this time because the Supreme Court's decision in *FAA v. Cooper*, 132 S. Ct. 1441 (2012) directly addressed pleadings in Privacy Claims cases and impacted the related law. Though Plaintiff believes her Complaint is sufficient because it described specific economic damages (lost income and medical expenses), had the decision in *FAA v. Cooper* existed prior to February 11, 2011, Plaintiff would have presented her Complaint in a different manner. Plaintiff's Complaint contains, in addition to specific allegations of actual damages, broad language designed to protect the maximum range of damages potentially available to Plaintiff prior to *FAA v. Cooper*. Furthermore, removal of some pleadings and the

amendment of others will further judicial efficiency and simplify the instant litigation. It is for these reasons that Plaintiff seeks leave to amend her Complaint at this time.

The Court should grant leave because of the intervening change in law,[1] discussed above, and because no prejudice will result from granting the requested leave. Complainant does not seek to add claims, parties, or allegations. Defendant is aware of the full scope of the allegations; the requested amendments will only simplify Plaintiff's existing pleadings regarding damages. Plaintiff does not seek to expand the scope of her Complaint. Plaintiff simply desires to modify the language and form of her pleadings in a manner that conforms with the Supreme Court's intervening decision in *FAA v. Cooper*.

Therefore, Plaintiff submits her Amended Complaint modifying and adding to those sections that aver "[a]s a proximate result of Defendant's intentional and/or willful disclosures, Ms. Hill suffered actual damages, including … lost … present … financial opportunities [and] los[t] … present … employment opportunities." Compl. ¶ 53 (see also id. at ¶ 70, pleading the same; id at ¶¶ 82, 94, 105, 117, 129, 141, 153, 165 pleading the same regarding counts 2-9) (emphasis added). Plaintiff also seeks to change the caption of the Complaint to conform with the limitation of the case to the Department of Defense as the proper Defendant, and to reflect a change in Plaintiff's Counsel's address.

Finally, Plaintiff has not previously amended her Complaint or requested leave to do so. Plaintiff has no bad faith intention behind this request for leave to amend her Complaint. Plaintiff seeks only to respond to an intervening change in controlling law. Plaintiff does not wish to impose additional delay in the proceedings; Plaintiff wishes to expedite and streamline the proceedings by clarifying the damages pleadings, the verbiage of which is contested by the

---

[1] *Cf.* Fed. R. Civ. P. 59(a); *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (calling for the amendment of a *judgment* subsequent to an intervening change of controlling law in order to "prevent manifest injustice").

Defendant. Plaintiff requests only 15 ("fifteen") days from the date of the Order on Defendant's Motion to amend her Complaint.

Therefore, as no prejudice would result, as so doing would not be futile, as Plaintiff does not seek to delay proceedings, s Plaintiff has no bad faith or dilatory motive, and as justice requires such an allowance where an intervening change in law occurs, Plaintiff requests this Court grant Plaintiff's Motion for Leave to Amend.

**CONCLUSION**

The Court should grant Plaintiff's Motion for Leave to Amend because justice requires doing so following an intervening change in controlling law and because no prejudice to Defendant would result.

Respectfully submitted,

**December 6, 2013**

/S/
Gary M. Gilbert, Esq.
D.C. Dist. Ct. Bar No. MD 15808
The Law Offices of
Gary M. Gilbert & Associates, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Email: gary@ggilbertlaw.com

/S/
Ari M. Wilkenfeld, Esq.
D.C. Dist. Ct. Bar No. 41063
The Law Offices of
Gary M. Gilbert & Associates, P.C
1100 Wayne Ave, Suite 900
Silver Spring, MD 20910
Tel: (301) 608-0880
Fax: (301) 608-0881
Email: awilkenfeld@ggilbertlaw.com

/S/
Kevin L. Owen, Esq.
D.C. Dist. Ct. Bar No. MD 16693
The Law Offices of
Gary M. Gilbert & Associates, P.C.
1100 Wayne Ave, Suite 900
Silver Spring, MD 20910-3312
Tel: (301) 608-0880
Fax: (301) 608-0881
Email: kowen@ggilbertlaw.com

Attorneys for Plaintiff Maureen Hill