UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MAUREEN HILL,                       )
                                    )
       Plaintiff,               )
                                    )
   v.                              )   Civil Action No. 11-0378 (PLF)
                                    )
U.S. DEPARTMENT OF DEFENSE,         )
                                    )
       Defendant.               )
_____ )

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on the motion of the defendant, the United States Department of Defense ("DOD"), for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and plaintiff Maureen Hill's motion to amend the complaint. The DOD argues that the complaint fails to properly allege "actual damages" in light of the Supreme Court's recent decision in FAA v. Cooper, 132 S. Ct. 1441 (2012), holding that the United States' waiver of sovereign immunity under the Privacy Act extends only to claims for pecuniary loss. In response, Hill filed a motion for leave to file an amended complaint, arguing that her proffered amendments would cure any deficiencies. Upon careful consideration of the parties' submissions and the relevant legal authorities, the Court grants plaintiff's motion to amend the complaint and grants in part and denies in part the defendant's motion for judgment on the pleadings.[1]

___

[1] The papers reviewed in connection with the pending motions include the following: plaintiff's complaint ("Compl.") [Dkt. No. 1]; defendant's motion for judgment on the pleadings ("Mot. Jud. Plead.") [Dkt. No. 37]; plaintiff's opposition to defendant's motion for judgment on the pleadings ("Jud. Plead. Opp.") [Dkt. No. 38]; defendant's reply in support of its

I.  BACKGROUND

For purposes of these motions, the Court accepts as true all facts alleged in the complaint.  Hill's allegations are discussed at length in Chief Judge Roberts' decision granting in part and denying in part the DOD's previous motion to dismiss or for summary judgment.  Hill v. U.S. Dept. of Defense, 981 F. Supp. 2d 1, 3-6 (D.D.C. 2013).[2]  As relevant here, Hill was employed by the DOD as a technical information specialist until her termination on August 10, 2007.  Leading up to her termination, Hill's then current supervisor shared confidential documents with a former supervisor who had since left the DOD, including memoranda and documents relating to the proposed termination and Hill's request for medical leave.

After unearthing these disclosures during discovery in a separate, unrelated lawsuit, Hill filed the instant suit under the Privacy Act, 5 U.S.C. § 522a et seq., alleging that the improper disclosures caused "adverse and harmful effects, including but not limited to mental distress, emotional trauma, embarrassment, paranoia, humiliation, lost or jeopardized present or financial opportunities and los[t] or jeopardized present or future employment opportunities."  Compl. ¶ 84; see also id. ¶¶ 53-60.  As a result of this mental and emotional trauma, Hill sought psychological help.  Id. ¶ 54.  She also "could not find employment because she lost her . . . supervisors as employment references."  Id. ¶ 59.

---

motion for judgment on the pleadings ("Jud. Plead. Reply") [Dkt. No. 40]; plaintiff's motion to amend the complaint ("Mot. Am. Compl.") [Dkt. No. 39]; plaintiff's proposed amended complaint ("Proposed Am. Compl.") [Dkt. No. 39-3]; defendant's opposition to plaintiff's motion to amend the complaint ("Am. Compl. Opp.") [Dkt. No. 41]; and plaintiff's reply in support of her motion to amend ("Mot. Am. Reply") [Dkt. No. 42].

[2]    The Court granted summary judgment for the DOD as to Counts 1, 10, and 11, but denied summary judgment as to Counts 2 through 9.  See Hill v. U.S. Dept. of Defense, 981 F. Supp. 2d at 13.

On November 7, 2013, the DOD filed the present motion for judgment on the pleadings, arguing that the complaint fails to properly plead actual damages, as required by the intervening Supreme Court decision in FAA v. Cooper, 132 S. Ct. 1441 (2012). In response, Hill concurrently filed a motion for leave to file an amended complaint along with her opposition to the motion for judgment on the pleadings. Mot. Am. Compl. at 2. The DOD opposed both motions, maintaining that both the original and the amended complaints fail to properly plead actual damages.

## II. LEGAL STANDARDS

### A. *Plaintiff's Motion to Amend the Complaint*

Under Rule 15 of the Federal Rules of Civil Procedure, the Court "will freely give leave [to amend a complaint] when justice so requires," FED. R. CIV. P. 15(a)(2), and "[i]t is common ground that Rule 15 embodies a generally favorable policy toward amendments." Howard v. Gutierrez, 237 F.R.D. 310, 312 (D.D.C. 2006) (quoting Davis v. Liberty Mut. Ins. Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989)). Leave may be denied, however, due to "undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Where the proposed amendment would not survive a motion to dismiss or motion for judgment on the pleadings, leave may be denied on the grounds of futility. See Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1003 (D.C. Cir. 1996); Elliott v. Fed. Bureau of Prisons, 521 F. Supp. 2d 41, 49 (D.D.C. 2007); Black v. Nat'l Football League Players Ass'n, 87 F. Supp. 2d 1, 6 (D.D.C. 2000).

### B. *Defendant's Motion for Judgment on the Pleadings*

A motion for judgment on the pleadings may be brought following the close of pleadings. FED. R. CIV. P. 12(c). It is functionally identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim. Rollins v. Wackenhut Servs., Inc., 703 F.3d 122, 130 (D.C. Cir. 2012); see also Lockhart v. Coastal Int'l Sec., Inc., 905 F. Supp. 2d 105, 114 (D.D.C. 2012) (noting that "courts employ the same standard [to Rule 12(c) motions] that governs a Rule 12(b)(6) motion to dismiss"). A Rule 12(c) motion for judgment on the pleadings therefore is also analyzed for compliance with the Supreme Court's holdings in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). See, e.g., Rollins v. Wackenhut Servs., Inc., 703 F.3d at 129-30; Lockhart v. Coastal Int'l Sec., Inc., 905 F. Supp. 2d at 114. In doing so, a court must rely only on the pleadings and "accept as true all of the factual allegations contained in the complaint," Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (quoting Swiekiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)), and all reasonable inferences stemming from said factual allegations. See Sissel v. U.S. Dept. of Health & Human Servs., 760 F.3d 1, 4 (D.C. Cir. 2014) (citing Doe v. Rumsfeld, 683 F.3d 390, 391 (D.C. Cir. 2012)) ("The court assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor").

To survive a motion for judgment on the pleadings, a complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Detailed factual allegations" are unnecessary so long as the allegations contain sufficient facts, "accepted as true, to state a claim for relief that is plausible

on its face." Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570); see id. (holding that claims must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

## III. DISCUSSION

The DOD's arguments against granting leave to amend the complaint are two-fold: (1) Hill unduly delayed in seeking leave to amend her complaint; and (2) it would be futile to permit the amendment because it fails to sufficiently plead actual damages as required by FAA v. Cooper, 132 S. Ct. at 1450-51. As discussed below, both arguments fail. Permitting the complaint to be amended will not cause undue delay, nor has the DOD shown it would be prejudiced if the Court grants such leave. Permitting the amended complaint to be filed therefore is not futile.

### A. *Undue Delay*

Hill's proffered amendment seeks to respond to the Supreme Court's decision in FAA v. Cooper, 132 S. Ct. 1441 (2012), issued on March 28, 2012. The DOD correctly notes that Hill waited over a year and a half following that decision before moving to amend her complaint. But undue delay, in and of itself, is not a basis to deny a motion to amend where the proposed amended complaint does not add new factual allegations, unless the defendant shows that it has been prejudiced by the delay. Harrison v. Rubin, 174 F.3d 249, 253 (D.C. Cir. 1999); see also 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1488, at 652, 659, 662-69 (1990 & Supp. 1997) ("Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend. In

most cases delay alone is not a sufficient reason for denying leave . . . . If no prejudice [to the non-moving party] is found, the amendment will be allowed.").

Here, Hill seeks only to augment already existing, albeit minimal, factual allegations to expressly claim certain damages. Compare Compl. ¶¶ 54, 59 with Proposed Am. Compl. ¶¶ 84-86. The proposed amended complaint therefore does not meaningfully expand or alter the scope of her claims or factual allegations. Moreover, the DOD does not argue that any prejudice resulted from plaintiff's failure to seek to amend earlier.[3] Consequently, the Court finds that permitting the plaintiff to amend her complaint at this stage will not cause prejudice to the DOD or unduly delay the proceedings.

The cases cited by the DOD are inapposite. In Moldea v. N.Y. Times Co., 793 F. Supp. 338 (D.D.C. 1992), and Wilderness Soc. v. Griles, 824 F.2d 4 (D.C. Cir. 1987), leave to amend was denied to a plaintiff seeking to add entirely new causes of action. And in both cases, the plaintiff moved to amend after briefing on a dispositive motion had been completed and was awaiting a decision. Wilderness Soc. v. Griles, 824 F.2d at 19 (declining to hold district court had abused its discretion by denying leave to amend "after dispositive motions had been filed and opposed"); Moldea v. N.Y. Times Co., 793 F. Supp. at 338 (citing Wilderness Soc. v. Griles, 824 F.2d at 19) ("It is settled that where a defendant has filed a dispositive motion, as here, and plaintiff has opposed it, denial of permission to amend is proper"). Moreover, in Moldea, the court also found that the proposed amendment was futile, which is not the case here. 793 F. Supp. at 338 ("Further, if a complaint as amended could not withstand a

---

[3] The Court notes that the decision on the DOD's prior motion to dismiss or for summary judgment was not issued until July 19, 2013, approximately five months prior to Hill's motion to amend, and the parties have not yet begun discovery. While Hill certainly could have moved to amend her complaint sooner after FAA v. Cooper was decided, prejudice to the DOD is unlikely.

motion to dismiss, then the amendment should be denied as futile"). These cases therefore are factually dissimilar from the instant case.

### B. *Futility*

Because analyzing the futility of Hill's motion to amend necessarily entails determining whether the DOD's motion for judgment on the pleadings is meritorious, the Court will discuss both concurrently.[4] The DOD argues that the proposed amended complaint suffers from the same deficiency as the original complaint: failure to sufficiently plead actual damages.

The Court agrees that the original complaint was deficient. That complaint claims "actual damages" and "punitive damages," Compl. at Request for Relief ¶¶ 2, 5, but only alleged that Hill "suffered adverse and harmful effects, including but not limited to mental distress, emotional trauma, embarrassment, paranoia, humiliation, lost or jeopardized present or future financial opportunities and los[t] or jeopardized present or future employment opportunities." Compl. ¶¶ 82, 94, 105, 117, 129, 141, 153, 165. These are precisely the kind of "nonpecuniary" damages the Supreme Court considered and concluded were unavailable under the Privacy Act in FAA v. Cooper, 132 S. Ct. at 1452-53. The Court in Cooper specifically held that the term "actual damages" in the Privacy Act means "special damages," id. at 1451-53, meaning proven damages for "pecuniary or material" harm. Id. at 1451. And the Court specifically held that the Privacy Act does not authorize damages for "mental or emotional distress." Id. at 1456. Although the original complaint in this case mentions Hill seeking professional help and losing employment opportunities, it does not "specially plead[]" these as damages, as required for

---

[4] Because the DOD asserts that its motion for judgment on the pleadings applies to the proposed amended complaint, the Court treats the DOD's motion as directed against the amended complaint.

special damages. Id. at 1451-52. The proposed amended complaint cures this deficiency by specially pleading pecuniary damages. It therefore would not be futile to permit it to be filed.

The proposed amended complaint adds specific statements to each count that Hill suffered material, pecuniary loss as a result of the DOD's disclosures. It alleges that Hill "paid for medical services to address the trauma caused to her by the disclosures," "paid for transportation to and from [said] medical services," and was "denied employment opportunities because . . . [the] disclosures disqualified the [plaintiff] for employment because she could not obtain sufficient references." Proposed Am. Compl. ¶¶ 84-86, 98-100, 111-13, 125-27, 139-41, 153-55, 167-69, 181-83. Direct out-of-pocket expenses, such as payment for medical services, are the very definition of pecuniary losses. See FAA v. Cooper, 132 S. Ct. at 1451 ("Privacy Act victims . . . are barred from any recovery unless they can first show actual – that is, pecuniary or material – harm"). Loss of an employment opportunity is also a pecuniary harm. See Makowski v. United States, 2014 WL 1089119, at *7 (N.D. Ill. Mar. 18, 2014) (holding that "[l]oss of economic opportunity is pecuniary harm" under the Privacy Act where plaintiff was unnecessarily incarcerated and alleged that he would have sought employment if not detained); see also Speaker v. U.S. Dept. of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1383 (11th Cir. 2010) (holding that the alleged "loss of prospective clients" qualified as actual damages).

The DOD's arguments that the proposed amended complaint does not satisfy the dictates of Cooper are unpersuasive. It asserts that the added statements are no more than "bare [and] conclusory" and do not "show[] a causal relationship between the alleged disclosure . . . and [Hill's] alleged damages." Am. Compl. Opp at 6. The DOD would require Hill to allege facts "demonstrating that the disclosure from supervisor to supervisor caused her to seek medical

8

treatment," facts showing "specific dates of treatment, [and] any amount of money expended," and facts showing that "she applied for a particular job, that the job asked for an employment reference, that she sought such a reference, that she was not able to obtain a 'sufficient' reference, and that she could not get the 'sufficient' reference because of the alleged disclosures to her former supervisor." Am. Compl. Opp. at 7, 9.[5]

Such detail is not required. At this stage, Hill must only plausibly allege proximate causation. Sabre Int'l Sec. v. Torres Advanced Enter. Solutions, Inc., 820 F. Supp. 2d 62, 75 (D.D.C. 2011) (quoting Brewer v. Islamic Republic of Iran, 664 F. Supp. 2d 43, 54 (D.D.C. 2009)) (holding that "[t]o plead proximate cause, plaintiff must allege 'some reasonable connection between the act or omission of the defendant and the damages which the plaintiff has suffered'"); see also Ashcroft v. Iqbal, 556 U.S. at 678 (claim for relief must be "plausible on its face"); Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). She has done so in the proposed amended complaint. It is plausible that a disclosure of Hill's medical records and eventual termination could cause mental distress and trauma, causing her to seek psychological help, for which she had to pay. And it is plausible that specific employment opportunities required references of a supervisor, which Hill would have been able to obtain but for the alleged disclosures, resulting in her being disqualified from the position or positions. Obviously, Hill must be able to prove these

---

[5] The DOD cites to Molerio v. FBI, 749 F.2d 815 (D.C. Cir. 1984), Hernandez v. Johnson, 514 F. App'x 492 (5th Cir. 2013), Su v. NASA, 2013 U.S. Dist. LEXIS 55916 (N.D. Cal. Apr. 17, 2013), and Grant v. United States, 2012 U.S. Dist. LEXIS 152339 (E.D. Cal. Oct. 23, 2012), to argue that plaintiff must allege specific facts that her failure to secure employment was caused by the disclosures. Mot. Jud. Plead. at 9-10. But these cases are all inapplicable because they were considered on motions for summary judgment, requiring a greater factual showing than a Rule 12(c) motion for judgment on the pleadings.

allegations at trial by a preponderance of the evidence. But the allegations in her proposed amended complaint are sufficient to survive a Rule 12(b)(6) or Rule 12(c) motion.

Although Hill's proposed amended complaint sufficiently alleges actual damages as to the payment for and transportation to and from medical services and the loss of employment opportunities, she failed to remove the allegation and request for relief for non-pecuniary damages for "adverse and harmful effects, including but not limited to mental distress, emotional trauma, embarrassment, paranoia, humiliation, lost or jeopardized present or financial opportunities and los[t] or jeopardized present or future employment opportunities" and "punitive damages . . . in no event less than $1,000,000.00." Proposed Am. Compl. ¶ 83, Request for Relief ¶ 5. These claims for non-pecuniary damages are barred under <u>FAA v. Cooper</u>, and they therefore are dismissed.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that plaintiff's motion to amend the complaint [Dkt. No. 39] is GRANTED; it is

FURTHER ORDERED that defendant's motion for judgment on the pleadings [Dkt. No. 37] is GRANTED IN PART and DENIED IN PART; and it is

FURTHER ORDERED that plaintiff's claims for non-pecuniary and punitive damages in her amended complaint are dismissed.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 29, 2014